**SUNBELT RESTAURANTS, INC., an Oklahoma corporation, Appellant,**

v.

**JACK BARLOW CONSTRUCTION CO., INC., an Oklahoma corporation, and Jack Barlow, d/b/a Jack Barlow and Associates, Inc., Appellees.**

No. 65221.

Court of Appeals of Oklahoma, Division No. 2.

April 7, 1987.

Roland Tague, Groves, Bleakley & Tague, Oklahoma City, for appellant.

Kathryn K. Hendrickson, Jack T. Crabtree & Associates, P.C., Oklahoma City, for appellees.

MEANS, Presiding Judge.

Plaintiff appeals from an order of the trial court dismissing Jack Barlow, individually, as a defendant. The trial court found that any action against Barlow individually was barred by the statute of limitations. Having reviewed the record and applicable law, we affirm.

In April 1981, Jack Barlow and Associates, Inc., entered a contract with Sunbelt Restaurants for the construction of a Duff's Restaurant in Oklahoma City. While the construction was in progress, Sunbelt hired Barlow's construction superintendent, George Carter. Carter retained the contract for construction of the restaurant and completed the project through his company, Mesa Construction.

With the resignation of his only construction superintendent, Barlow decided to partially liquidate Jack Barlow and Associates, Inc. In February 1982, Jack Barlow, as president, sole and only shareholder, and director of Jack Barlow and Associates, Inc., disbursed all the assets of the corporation, except for the $500 paid-in capital, to himself. The disbursement was made for the sole purpose of closing the corporation as a business entity.

In June 1982, Sunbelt notified Barlow that it was having problems with the roof and the parking lot at the restaurant and demanded that Barlow correct these construction defects. When Barlow failed to respond to Sunbelt's satisfaction, it filed this lawsuit on May 10, 1983.

Sunbelt's original petition named "Jack Barlow Construction Co., Inc." as the defendant. Through a number of amended petitions and amendments to its petition, Sunbelt added "Jack Barlow, d/b/a Jack Barlow and Associates" as a party defendant, and dismissed "Jack Barlow Construction Co." In its third amended petition, filed September 30, 1983, Sunbelt dismissed defendant Jack Barlow without prejudice.

In February 1985, Sunbelt filed an amendment to its third amended petition requesting leave to add Jack Barlow individually as a defendant. Sunbelt asserted that Jack Barlow and Associates was at all times obligated on the construction contract and that as sole shareholder, president, and director, Barlow was individually obligated for the company.

In July 1985, Barlow filed a motion to dismiss for failure to state a claim on which relief could be granted. Among the specific reasons listed in the motion, Barlow contended that the action was barred by the two year limitation period found in 18 O.S.1981 §§ 1.148(c) and 1.149. Barlow further asserted that there was no violation of 18 O.S.1981 § 1.146, because the distribution of the assets was not done willfully or negligently to the detriment of creditors. Finally, Barlow contended that Sunbelt did not have standing to proceed against him under 18 O.S.1981 §§ 1.146 and 1.149.

After considering the argument and authorities in the briefs submitted by both parties, the trial court dismissed Jack Barlow, individually, as a defendant. The court specifically found that the amendment which added Barlow as an individual defendant was filed more than three years after the partial liquidation of Jack Barlow and Associates. The court thus determined that the action was barred by the statute of limitations in 18 O.S.1981 §§ 1.148(c) and 1.149. Sunbelt has appealed.

Sunbelt frames the appellate issues in the following phrases:

1. Was partial liquidation in violation of law?
2. Director's liability
3. Tolling of statute of limitations

While these phrases are not propositions of error, this court has attempted to discern the errors raised on appeal.

Sunbelt seeks to impose liability on Barlow by using statutes and case law which are totally inapplicable to the instant case. In its brief, Sunbelt states that the partial liquidation was unlawful because it violated 18 O.S.1981 § 1.145(b)(1), which provides:

b. No such distribution of assets shall be made to shareholders:

(1) When the corporation is insolvent, or when such distribution would render the corporation insolvent, or unable to satisfy its determined and contingent debts and liabilities, not otherwise adequately provided for, when they fall due.

Liability for Barlow under this subsection is totally unfounded. In February 1982, at the time of the partial liquidation, Barlow and Associates was solvent and was not even threatened by insolvency. There was neither a contingent debt nor liability for which adequate provisions had not been made.

■ Sunbelt's assertion that Barlow and Associates should have followed 18 O.S. 1981 § 1.184, in its partial liquidation is also meritless. Section 1.184 deals with the requirements for dissolution of a corporate entity once the intent to dissolve is filed with the Oklahoma Secretary of State. Barlow and Associates never intended to terminate its corporate existence. The statutes do not equate partial liquidation with dissolution.

■ Similarly, the liability which Sunbelt seeks to impose on Barlow as a director is also unfounded in the statutes which it cites. Title 18 O.S.1981 § 1.147, allows a *"judgment creditor"* to sue the corporation or any of its directors for a violation in the distribution of assets. In the instant case, Sunbelt is still not in the position of a judgment creditor and was certainly not a judgment creditor at the time the partial liquidation occurred.

■ Violations based on 18 O.S.1981 § 1.146, are based on willful or negligent acts of the directors. In the instant case, the partial liquidation which occurred more than four months prior to any notification concerning construction problems could not possibly be construed as a willful or negligent act designed to damage the corporation. Furthermore, liability for violation of section 1.146(b), is to "the corporation, or to its receiver, liquidator, or trustee in bankruptcy, for the benefit of the creditors of the corporation, or any of them, and to

the shareholders and owners of shares at the time of such violation." Sunbelt fails to fall within any of these categories.

■ Finally, the statute of limitations found in 18 O.S.1981 § 1.148(c), completely bars any action against Barlow individually as a director. This subsection provides:

> No action shall be maintained against a director or a shareholder under the provisions of this section or Sections 146 and 147, unless commenced within two (2) years from the date on which such redemption or purchase, dividend, withdrawal, or distribution was made, or right of reimbursement or contribution arose, as the case may be.

Sunbelt's contention that the statute was tolled is totally unsupported. Contrary to Sunbelt's assertion, there was no fraudulent concealment. In fact, at the time of Barlow's deposition, he freely admitted the dates and amounts involved in the partial liquidation. At the deposition, when these facts became known to Sunbelt, it could have pursued its action against Barlow at that time before the statute was tolled. Instead, Sunbelt waited a year later to attempt to add Barlow as a defendant.

■ Sunbelt has attempted to pursue an action against a corporate director before it has a judgment against the corporation. Sunbelt may have a way to reach Barlow individually as the director or sole shareholder, but not in the manner in which it proceeded. Sunbelt must first diligently pursue its action against the corporate entity which was a party to the contract. It may even request appointment of a receiver for the corporation if it fears a lack of corporate assets. Finally, once the judgment is granted, Sunbelt may be able to proceed against Barlow individually in an attempt to collect the judgment. In any event, Sunbelt cannot collect a debt from a corporate director individually before it establishes liability on the part of the corporate entity. The trial court's order dismissing Barlow is supported by the law and the evidence and is affirmed.

BACON and REIF, JJ., concur.